UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 08-cr-00058-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. KELLY REYNOLDS WORLEY,

    Defendant.

_____

**ORDER**
_____

THIS MATTER is before the Court on the Defendant's Motion for an Ends of Justice Continuance, to Reschedule Motions Filings Deadlines, Vacate Trial Date, and Set Status Conference (docket #14), filed February 25, 2008. In the motion, defense counsel indicates that a continuance is sought pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(iv) because the remaining time until trial is inadequate for counsel to effectively represent the Defendant. In the motion, counsel for the Defendant indicates that the Government does not oppose the requested continuance.

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Tenth Circuit recently held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126

S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. See 18 U.S.C. § 3161(h)." *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. 18 U.S .C. § 3161(h)(8). This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49. However, the *Williams* Court cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))." *Id.*

The Court, having reviewed the motion, and being fully advised in the premises, hereby finds that the Defendant's Motion for an Ends of Justice Continuance, to Reschedule Motions Filings Deadlines, Vacate Trial Date, and Set Status Conference

(docket #14), filed February 25, 2008, should be granted pursuant to 18 U.S.C. § 3161(h)(8)(B)(A) and (B)(iv). I find that the failure to grant a continuance in this case which I do not find to be complex would deny the Defendant and his counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv). Specifically, defense counsel has indicated that the Defendant's case is "complicated by enormous consequences because his conviction would likely result in his being sentenced as an Armed Career Criminal." (Mot. at 1.) Defense counsel indicates that Defendant's charges result from his being contacted by Colorado Springs Police Department officers in connection with a stolen car. It was during this contact that the officers allegedly found a weapon. Defense counsel further states that there were civilian witnesses to the detention, search and seizure. Thus, in an effort to determine if a challenge to the legality of the search and seizure is appropriate, defense counsel and an investigator must conduct investigative trips to Colorado Springs. Additionally, defense counsel expects that the defense in this case will involve the investigation of the Defendant's criminal history. Further, defense counsel has indicated that several pretrial inquiries must be initiated before he is prepared to determine whether a pretrial disposition can be recommended, or whether trial of the case will be necessary.

I further find that the ends of justice served by an additional ninety (90) day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

Based on the foregoing, it is

ORDERED that Defendant's Motion for an Ends of Justice Continuance, to Reschedule Motions Filings Deadlines, Vacate Trial Date, and Set Status Conference (docket #14), filed February 25, 2008, is **GRANTED** pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv). In accordance therewith, it is

FURTHER ORDERED that the speedy trial deadlines are tolled for an additional **ninety (90) days**. It is

FURTHER ORDERED that the trial date set for April 7, 2008 is **VACATED.** It is

FURTHER ORDERED that the deadlines for the filing of all pre-trial motions are **VACATED.** It is

FURTHER ORDERED that a status and case management conference is set for **Friday, June 13, 2008, at 1:30 p.m.** It is

FURTHER ORDERED that the parties shall file a written joint status report with the Court no later than **Friday, June 6, 2008.**

Dated: February 28, 2008

                BY THE COURT:

                s/ Wiley Y. Daniel
                Wiley Y. Daniel
                U. S. District Judge