UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No. 08-cr-00058-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. KELLY REYNOLDS WORLEY,

    Defendant.
_____

**ORDER**
_____

THIS MATTER is before the Court on the parties' Unopposed Status Report (docket #19), filed June 2, 2008. In the status report, the parties request an ends of justice continuance pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(iv) because the remaining time until trial is inadequate for counsel to effectively represent the Defendant. The status report also indicates that the Government does not oppose the requested continuance.

Generally, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Tenth Circuit recently held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only

to protect defendant's right to speedy trial, but also 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. See 18 U.S.C. § 3161(h)." *Id.*

The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. 18 U.S .C. § 3161(h)(8). This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49. However, the *Williams* Court cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985)))." *Id.*

The Court, having carefully considered the request, and being fully advised in the premises, hereby finds that the parties' motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. § 3161(h)(8)(B)(A) and (B)(iv). I find that the failure to grant a continuance in this case would deny the Defendant and his counsel the reasonable time necessary for effective trial preparation, taking into account the

exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv).  Here, the Defendant is charged with possession of a firearm and ammunition by a person convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  Defense counsel states that the Defendant's case is complicated by "enormous consequences because his conviction would likely result in his being sentenced as an Armed Career Criminal." (Status Report at 1.)  Additionally, defense counsel has continued to investigate the allegations of this case and has entered into discussions with the Government concerning an appropriate disposition of the case.

Based on the above, I find that the ends of justice served by an additional ninety (90) day extension of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).

Based on the foregoing, it is

ORDERED that the parties' motion contained within the Unopposed Status Report (docket #19) for an ends of justice continuance is **GRANTED** pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv).  In accordance therewith, it is

FURTHER ORDERED that the speedy trial deadlines are tolled for an additional **ninety (90) days**.  It is

FURTHER ORDERED that the status and case management conference set for **Friday, June 6, 2008 at 10:00 a.m. is hereby VACATED and RESET to Wednesday, September 3, 2008 at 11:00 a.m.**  It is

FURTHER ORDERED that the parties shall file a joint written status report with the Court no later than **Wednesday, August  27, 2008.**

Dated: June 3, 2008

                BY THE COURT:

                <u>s/ Wiley Y. Daniel</u>
                Wiley Y. Daniel
                U. S. District Judge